UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

Carlos E. Linares,

    Plaintiff,

v.

Harris Sports And Entertainment, LLC,
a/k/a Harris Media LLC,

    Defendant,

_____/

## **COMPLAINT**

Plaintiff, Carlos E. Linares, by and through undersigned counsel, hereby sues Defendant Harris Sports And Entertainment, LLC, a/k/a Harris Media LLC, on the grounds set forth herein.

### Introduction

1. This is an action by Plaintiff Carlos E. Linares, under 42 U.S.C. §1981 (Civil Rights Act of 1866), to redress the injury done to him by the Defendant's discriminatory treatment and Retaliation based on his Race, Color, and Ethnic characteristics (Hispanic).

### Jurisdiction And Venue

2. This is an action for damages brought in excess of $15,000.00, exclusive of interest, Attorney's fees, and costs.

3. This action is authorized and instituted pursuant to 42 U.S.C. §1981 (Civil Rights Act of 1866), as amended,

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and §1343.

5. The venue of this action is properly placed in the Southern District of Florida, Miami Division, pursuant to 28 U.S.C. §1391(b), since the unlawful alleged employment practices were committed in Dade County, within the jurisdiction of this Honorable Court.

Parties

6. Plaintiff Carlos E. Linares is a resident of Miami-Dade County, who was employed by Defendant Harris Sports And Entertainment, LLC, a/k/a Harris Media LLC, and is a member of certain protected classes of persons because of his Race, Color, and Ethnicity (Hispanic).

7. Corporate Defendant Harris Sports And Entertainment, LLC, a/k/a Harris Media LLC (hereinafter Harris Sports, or "Defendant") is a Florida Limited Liability Company registered to conduct business in the State of Florida and within the jurisdiction of this Court.

8. Defendant Harris Sports was the "Employer" of Plaintiff within the meaning of Section 1981 of the Civil Rights Act of 1866 (Section 1981), as amended.

9. At all times relevant to this complaint, Plaintiff Carlos E. Linares was employed by Harris Sports as a digital graphic designer and the parties had a contractual relationship with each other.

Statement of Facts

10. Plaintiff Carlos E. Linares is a 31-year-old dark-skinned male of Hispanic Ethnicity. Plaintiff is a resident of Miami-Dade County who was employed by Defendant Harris Sports. Plaintiff is a member of certain protected classes of persons because of his Race, Color, and Ethnicity (Hispanic).

11. Corporate Defendant Harris Sports is a digital marketing company located at 66 West Flagler ST, Suite 900, Miami Florida 33130, where Plaintiff worked.

12. Corporate Defendant Harris Sports employed Plaintiff Carlos E. Linares as a graphic designer. While employed by Defendant, Plaintiff suffered illegal discrimination and tangible adverse employment actions based on his Race, Color, and Hispanic Ethnicity.

13. On or about April 28, 2022, Plaintiff applied for a position as a graphic designer at Harris Sports. At that time, Plaintiff was working as a graphic designer for another Company.

14. Plaintiff was interviewed by Harris Sports' Art Director, Christopher Cortez, (White, upon information and belief, born and raised in the United States ). The interview was conducted in English without any inconvenience.

15. On or about April 29, 2022, Art Director, Christopher Cortez contacted Plaintiff Carlos E. Linares to inform him that he was hired.

16. On or about April 29, 2022, Defendant sent Plaintiff a job offer to be accepted. Defendant offered Plaintiff a salary of $41,000.00 yearly plus bonuses based on merits and company performance, and room for growth. Plaintiff accepted the offer and a contractual relationship between Harris Sports and Plaintiff Carlos E. Linares was formed.

17. On or about May 03, 2022, Plaintiff resigned from his previous position to begin working on his new job.

18. On or about May 16, 2022, Plaintiff signed hiring documents, including salary direct deposit forms, and began working in the same position as a graphic designer at Harris Sports.

19. On or about May 17, 2022, Plaintiff went to work, and at the end of the workday, Director of Accounts, Reymi Benitez (White, born and raised in the United States, as per information and belief) asked Plaintiff to a conference room.

20. Director of Accounts, Reymi Benitez informed Plaintiff that they had received complaints about Plaintiff's English accent, and they have decided to fire him because most of their clients were White Americans, and Defendant could not have Plaintiff with his Hispanic accent speaking to their White clients.

21. At the time of his termination, Plaintiff performed his job satisfactorily. Plaintiff possessed all the required skills, training, and qualifications for the job in question and performed his duties without significant issue or controversy.

22. Plaintiff's position as a graphic designer did not involve extensive communication with White American clients, as Defendant alleged. If that would be the case, Plaintiff had a good command of English and he was able to communicate or interact in English, fluently and effectively. Plaintiff's Race, Color, or Hispanic accent never interfered with Plaintiff's work performance as a graphic designer.

23. On or about May 17, 2022, Plaintiff was wrongfully discharged by Defendant, and his human and civil rights were violated. Plaintiff's discharge was directly and proximately caused by Defendant's unjustified discrimination because of Plaintiff's Race, Color, and Ethnic characteristics, in violation of both Federal and State Laws.

24. Defendant Harris Sports intentionally discriminated against Plaintiff based on his Color, Race, and Ethnic characteristics, and willfully interfered with Plaintiff's rights "to make and enforce contracts….as is enjoyed by White citizens".

25. Defendant Harris Sports intentionally discriminated against Plaintiff based on his Race, Color, and Hispanic Ethnicity and willfully interfered with Plaintiff's contractual relationship with Harris Sports.

26. Defendant Harris Sports is subjected to vicarious liability for the actions of its management because it failed to take adequate remedial measures to halt the discrimination, to which Plaintiff was subjected despite Defendant's knowledge that such discrimination was occurring.

27. As a direct and proximate result of the acts or omissions of Defendant Harris Sports, Plaintiff Carlos E. Linares has suffered damages.

## COUNT I:
### VIOLATION OF THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. SECTION 1981, DISCRIMINATION BASED ON RACE, COLOR, AND ETHNICITY

28. Plaintiff Carlos E. Linares re-adopts every factual allegation concerning Defendant Harris Sports stated in paragraphs 1-27 above as if set out in full herein.

29. This is an action against Harris Sports for unlawful discrimination pursuant to 42 U.S.C., Section 1981.

30. At all times, material hereto Defendant Harris Sports was an "employer" of Plaintiff, within the meaning of Section 42 U.S.C. §1981.

31. At all times material hereto, Plaintiff Carlos E. Linares was an "employee" and had a contractual relationship with Defendant within the meaning of 42 U.S.C. §1981.

32. Plaintiff Carlos E. Linares had at all times material and continues to have, a federally protected constitutional right to make and enforce contracts, to sue, to be parties, to give evidence, and to be free from racially-based discrimination while bargaining, negotiating, or entering into a contract, including the enjoyment of all the benefits, privileges terms,

and conditions of the contractual relationship of his employment at Harris Sports.

33. Defendant Harris Sports has intentionally engaged in unlawful employment practices and discrimination, in violation of 42 U.S.C. § 1981, by treating Plaintiff differently from similarly situated employees because of his Race, Color, and Ethnicity.

34. Defendant subjected Plaintiff Carlos E. Linares to different adverse employment actions, including but not limited to the following acts and omissions: harassment, hostile working environment, and wrongful termination.

35. The effects of the practices referenced above have been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his Race, Color, and Ethnicity.

36. As a direct and proximate result of the intentional violations by the Defendant of Plaintiff's rights under 42 U.S.C. § 1981, by treating Plaiantiff differently from similarly situated employees and subjecting him to racial harassment because of his Race, Color, and Ethnicity, Plaintiff has suffered damages. His damages include back pay, front pay, loss of benefits, future pecuniary loss, inconvenience, emotional pain, suffering, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

37. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages because of Defendant's discriminatory practices unless and until this Court grants relief.

38. The actions of Defendant Harris Sports and/or agents were willful, wanton, intentional, and with malice or reckless indifference to Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant

to federal law, to punish the Defendant for their actions and to deter it, and others, from such actions in the future.

39. Plaintiff Carlos E. Linares has retained the undersigned counsel to prosecute his claims, and he is entitled to Attorney's fees pursuant to 42 U.S.C. §1988, the Civil Rights Attorneys Fee Award Act.

## Prayer For Relief

Wherefore, Plaintiff Carlos E. Linares respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff Carlos E. Linares and against Defendant Harris Sports based on Defendant's willful violations of 42 U.S.C. §1981; and

B. Award Plaintiff compensatory damages, including front pay, back pay, and lost benefits; and

C. Award Plaintiff as to this count prejudgment interest; and

D. Award Plaintiff damages for the costs of litigation and filing, including Attorney's fees; and

E. Grant such other and further equitable relief as this Court deems equitable and just and/or available pursuant to Federal Law, including punitive damages.

## Demand for a Jury Trial

Plaintiff Carlos E. Linares demands trial by a jury of all issues triable as of right by a jury.

Date: July 31, 2023

                                            Respectfully submitted,

                                            By: **/s/ Zandro E. Palma**
                                            ZANDRO E. PALMA, P.A.
                                            Florida Bar No.: 0024031
                                            9100 S. Dadeland Blvd.
                                            Suite 1500, Miami, FL 33156

        Telephone: (305) 446-1500  
        Facsimile:  (305) 446-1502  
        E-mail:  
        zep@thepalmalawgroup.com  
        *Attorney for Plaintiff*